IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LISBETH DELCID, # 39282-037  \*

   Petitioner  \*

v  \*  Civil Action No.  DKC-10-591
                        Criminal Action No. DKC-05-393

UNITED STATES OF AMERICA  \*

   Respondent  \*

## MEMORANDUM OPINION

Lisbeth Delcid petitions to vacate, set aside or correct her conviction and sentence under 28 U.S.C. § 2255.  By order issued March 18, 2010, the court notified Delcid that the § 2255 motion appeared time-barred and granted her twenty-eight days to show why equitable tolling was warranted or the motion was otherwise timely.  The response period has expired and Delcid has failed to file a response.  Accordingly, the motion shall be dismissed as time-barred.

### BACKGROUND

Delcid was convicted on a guilty plea to conspiracy to participate in a racketeering enterprise in violation of 18 U.S.C. § 393. On June 20, 2007, the court sentenced her to 108 months incarceration.  On March 4, 2010,[1] Delcid filed this pro se § 2255 petition for a variance to reconsider the sentence imposed.  While the thrust of her petition asserts ineffective representation by counsel, she also cites to *Kimbrough v. United States,* 552 U.S. 85 (2007). Petition, p. 2, ¶4 and p. 4, ¶ 23.

---

[1]    The § 2255 motion was received by the Clerk on March 8, 2010.  For the purpose of assessing timeliness, the court deems the petition filed on March 4, 2010, the date it was signed. *See Houston v. Lack,* 487 U.S. 266 (1988).

## ANALYSIS

Petitions filed under 28 U.S.C. § 2255 must be filed within one year of the date the judgment of conviction becomes final.[2] *See* 28 U.S.C. § 2255 (f) (1). In this case, Delcid's conviction became final for the purpose of starting the one-year limitations period on the date this court entered judgment, given that she did not seek appellate review. *See Clay v. United States*, 537 U.S. 522, 525 (2003); *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (explaining that where no appeal is taken, the statute of limitations begins to run on the date the court enters judgment of conviction). Thus, Delcid's one-year period of limitations began to run on June 20, 2007,[3] and expired one year later on June 20, 2008. Consequently, the instant petition, filed March 4, 2010, was filed long after the limitations period ended.

---

[2]   Section 28 U.S.C. § 2255 provides in pertinent part:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[3]   Arguably the conviction became final two weeks later, when the fourteen-day notice of appeal period expired. *See* Fed. R. App. P. 4(b); *Clay*, 537 U.S. at 142. The § 2255 motion remains untimely under this calculation.

2

To the extent that Petitioner challenges her plea and sentencing directly on the basis of ineffective representation of counsel, the petition is clearly time barred. Petitioner may, however, also be asserting that *Kimbrough* provides a sentencing judge new latitude in imposing a sentence. In *Kimbrough,* which was decided on December 10, 2007, the Supreme Court held that a district judge could depart downward based on the conclusion that the crack cocaine/powder cocaine disparity in the sentencing guidelines would yield a sentence "greater than necessary" to achieve the sentencing statute's objectives in the defendant's case. *Kimbrough,* 552 U.S. at 110. To the extent Delcid might be arguing here that her petition is timely under § 2255(f)(3) because the Supreme Court more recently reaffirmed *Kimborough* in *Spears v. United States*, 129 S.Ct. 840, 842-44 (Jan. 21, 2009) (per curiam) (stating that a district court may vary from the 100:1 crack sentencing ratio in the sentencing guidelines when the district court has a policy disagreement with the ratio and is sentencing the defendant), her argument is unavailing. Her conviction has nothing to do with cocaine. In any event, under § 2255(f)(3), the statute of limitations starts only upon the initial recognition of a right, not upon a case reaffirming the right. *See id.* Further, the instant petition was filed more than one year after *Spears* was decided and is untimely under § 2255(f)(3) as well.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue under 28 U.S.C. § 2253(c)(1)(A) only if the applicant has made a substantial showing of the denial of a constitutional right. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, the defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282, (2004) (quoting *Slack v. McDaniel*, 529 U.S.

473, 484, (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36, (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484 (2000)). Petitioner has not made the requisite showing, and a certificate of appealability shall be denied. Denial of a certificate of appealability does not prevent petitioner from seeking permission to file a successive petition or pursuing his claims upon receipt of such permission.

### CONCLUSION

Under these circumstances and in the absence of any assertion that equitable tolling is warranted or the petition is otherwise timely, the court determines the petition time-barred. A separate Order follows.

Date: April 7, 2010

/s/ Deborah Chasanow
DEBORAH K. CHASANOW
United States District Judge