___ FILED ___ ENTERED
___ LODGED ___ RECEIVED

JUL - 8 2010

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LISBETH DELCID, # 39282-037  *

    Petitioner  *

v  *  Civil Action No. DKC-10-591
    Criminal No. DKC-05-393

UNITED STATES OF AMERICA  *

    Respondent  *

## MEMORANDUM OPINION

Pending is Petitioner Lisbeth Delcid's Motion to Vacate, Set Aside, or Correct Sentence. The court notified Petitioner that the Motion appeared time-barred and granted her additional time to show why equitable tolling was warranted or the motion was otherwise timely. Petitioner filed a response (Paper No. 1600) and was granted until May 28, 2010, to file additional supporting documents.[1] Upon review of the Petitioner's response, the court finds the Petition is untimely.

I. BACKGROUND

Petitioner pleaded guilty to conspiracy to participate in a racketeering enterprise in violation of 18 U.S.C. § 393, and was sentenced on June 20, 2007, to 108 months incarceration. On March 4, 2010,[2] she filed this pro se § 2255 action seeking "reevaluation" of her sentence under *Kimbrough v. United States*, 552 U.S. 85 (2007).

II. ANALYSIS

Petitions filed under 28 U.S.C. § 2255 must be filed within one year of the date the

---

[1] On April 28, 2010, the court rescinded its order dismissing this case as time-barred and granted Petitioner until May 28, 2010, to file documents in support of her response. Petitioner has not filed any additional documents.

[2] The § 2255 Motion was received by the Clerk on March 8, 2010. For the purpose of assessing timeliness, the court deems the Motion filed on March 4, 2010, the date it was signed. *See Houston v. Lack*, 487 U.S. 266 (1988).

judgment of conviction becomes final. *See* 28 U.S.C. § 2255 (f) (1).[3] In this case, Petitioner's conviction became final for the purpose of starting the one-year limitations period on the date this court entered judgment, given that she did not seek appellate review. *See Clay v. United States*, 537 U.S. 522, 525 (2003); *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (explaining that where no appeal is taken, the statute of limitations begins to run on the date the court enters judgment of conviction). Thus, Petitioner's one-year period of limitations began to run on June 20, 2007,[4] and expired one year later on June 20, 2008. Consequently, the instant petition, filed March 4, 2010, was instituted long after the limitations period ended.

In her response, Petitioner asks the court to consider whether her Petition is timely filed under § 2255(f) (3) because the Supreme Court reaffirmed *Kimborough v. United States*[5] in *Spears v. United States*, 129 S.Ct. 840, 842-44 (Jan. 21, 2009) (per curiam). Her argument is unavailing.

In *Kimbrough*, the Supreme Court held that a district judge could depart downward based on the conclusion that the crack cocaine/powder cocaine disparity in the sentencing guidelines

---

[3] Section 28 U.S.C. § 2255(f) provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[4] Arguably the conviction became final two weeks later, when the fourteen-day notice of appeal period expired. *See* Fed. R. App. P. 4(b); *Clay*, 537 U.S. at 142. The § 2255 motion remains untimely under this calculation.

5 *Kimbrough, 552 U.S. 85 (2007).*

2

would yield a sentence "greater than necessary" to achieve the sentencing statute's objectives in the defendant's case. *Kimbrough*, 552 U.S. at 110. Under 28 U.S.C. § 2255(f) (3), the statute of limitations starts only upon the initial recognition of a right, not upon a case reaffirming the right. *See id.* Further, the instant petition was filed more than one year after *Spears* was decided and is untimely under § 2255(f) (3) as well. Petitioner advances no other facts or legal grounds to warrant equitable tolling.

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue under 28 U.S.C. § 2253(c) (1) (A) only if the applicant has made a substantial showing of the denial of a constitutional right. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c) (2). To make such a showing, the applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282, (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36, (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484 (2000)). Petitioner has not made the requisite showing, and a certificate of appealability shall be denied. Denial of a certificate of

appealability does not prevent Petitioner from seeking permission to file a successive petition or pursuing her claims upon receipt of such permission.

IV. CONCLUSION

Under these facts and absent any grounds to apply equitable tolling or conclude that the Petition is otherwise timely, the court will dismiss the Petition time-barred. A separate Order follows.

Date: July 7, 2010

/s/ Deborah K. Chasanow
DEBORAH K. CHASANOW
United States District Judge